UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GERALD ALDEA,  )
       Plaintiff  )
)
)
   v.  )   Civil Action No. 10-30202-KPN
)
)
MICHAEL J. ASTRUE,  )
Commissioner of Social  )
Security Administration,  )
       Defendant  )

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION TO REMAND and DEFENDANT'S MOTION TO AFFIRM THE DECISION OF
THE COMMISSIONER (Document Nos. 7 and 12)
November 23, 2011

NEIMAN, U.S.M.J.

This is an action for judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") regarding an individual's entitlement to Supplemental Security Income ("SSI") pursuant to 42 U.S.C. § 1382(c)(3)(A) and to Child's Insurance Disability Benefits ("CIDB") pursuant to 42 U.S.C. §§ 402(d)(1), 423(d)(1), and 20 C.F.R. § 404.350. Gerald Aldea ("Plaintiff") raises serious questions concerning the consideration of evidence outside the record and asserts that the Commissioner's decision denying him such benefits — memorialized in a May 6, 2010 decision of an administrative law judge — is in error. He has filed a motion to remand and the Commissioner, in turn, has moved to affirm.

The parties have consented to this court's jurisdiction. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the following reasons, the court will grant Plaintiff's motion to

remand and deny the Commissioner's motion to affirm.

## I. STANDARD OF REVIEW

A court may not disturb the Commissioner's decision if it is grounded in substantial evidence. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind accepts as adequate to support a conclusion. *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981). The Supreme Court has defined substantial evidence as "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Thus, even if the administrative record could support multiple conclusions, a court must uphold the Commissioner's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." *Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) (citation and internal quotation marks omitted).

The resolution of conflicts in evidence and the determination of credibility are for the Commissioner, not for doctors or the courts. *Rodriguez*, 647 F.2d at 222; *Evangelista v. Sec'y of Health & Human Servs.*, 826 F.2d 136, 141 (1st Cir. 1987). A denial of benefits, however, will not be upheld if there has been an error of law in the evaluation of a particular claim. *See Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In the end, the court maintains the power, in appropriate circumstances, "to enter . . . a judgment affirming, modifying, or reversing the [Commissioner's] decision" or to "remand [ ] the cause for a rehearing." 42 U.S.C. § 405(g).

2

## II. BACKGROUND

Plaintiff filed for CIDB and SSI benefits on October 17, 2007. (Administrative Record ("A.R") at 134-41, 150-56.) Plaintiff claimed that he was disabled due to pain in his back, arms, and legs. (A.R. at 33-35.) After Plaintiff's claim was denied both initially and upon reconsideration, he requested a hearing in front of an administrative law judge ("ALJ"), which occurred on February 22, 2010. (A.R. at 21.)

At the time of the hearing, Plaintiff, twenty-three years old, testified that he has been unable to work since December 2006 when he suffered an accident at work causing severe back problems. (A.R. at 30.) Plaintiff further testified that a friend helps him prepare meals, he dresses himself with assistance, and he can stand comfortably for approximately twenty-five minutes. (A.R. at 35-36.)

In a decision dated October 23, 2008, a federal reviewing official determined that Plaintiff was not disabled and that his characterizations of the persistence, intensity, and functionally limiting effects of his symptoms and pain were only partially credible in light of earnings reports that indicated he had engaged in substantial gainful activity after the onset of his alleged disability.[1] (A.R. 53.) Thereafter, in a decision

---

[1] A federal reviewing official is responsible for reviewing initial determinations regarding individuals' disability claims. The official must review existing evidence and is permitted to accept and obtain new evidence to reach a decision on a claim. The official will then issue a written decision based on all of the evidence, explaining "why the Federal reviewing official agrees or disagrees with the rationale in the initial determination." Individuals who are not satisfied with the official's determination may request a hearing before an administrative law judge. 20 C.F.R. Part 405, Subpart C, §§ 201, 215, 220, 230 (2010). The court notes, however, that the Office of the Federal Reviewing Official has since been eliminated. *See* 76 Fed. Reg. 24802, 24808 (2011).

dated May 6, 2010, the ALJ denied Plaintiff's claim, noting that he agreed with the federal reviewing officer's conclusions. (A.R. at 7-14.)

In making his determination, the ALJ, like the federal reviewing officer, relied on earnings statements outside the record and found that, contrary to Plaintiff's testimony that he had been unable to work since 2006, Plaintiff was employed as a painter in Alaska in 2007 and self-employed in 2008. (A.R. at 9-10.) However, because the ALJ found that there was "a continuous 12-month period during which [Plaintiff] did not engage in substantial gainful activity," he analyzed whether Plaintiff was disabled during that period. (A.R. at 10.) The ALJ ultimately denied Plaintiff's claim, finding that, although he suffered from severe back pain, his complaints about the severity of the pain were contradicted by the medical record and by his ability to work during the alleged period of disability. (A.R. at 12.)

Plaintiff was informed that the Commissioner's Decision Review Board had selected the ALJ's decision for review. (A.R. at 4.) However, because the Board failed to complete its review of Plaintiff's claim within ninety days, the ALJ's decision became final on August 6, 2010. (A.R. at 1.) In due course, Plaintiff filed the instant action, the Commissioner compiled the administrative record, and the parties submitted the cross-motions currently at issue.

### III. DISABILITY STANDARD AND THE ALJ'S DECISION

An individual is entitled to CIDB if, among other things, he is the child of an insured person and has a disability which began prior to his reaching twenty-two years of age. *See* 42 U.S.C. §§ 402(d)(1), 423(d)(1); 20 C.F.R. § 404.350. Entitlement to

4

SSI disability benefits similarly requires a showing of disability, as well as of financial need. *See* 42 U.S.C. § 1381a. At issue in the present matter is whether Plaintiff ever met the definition of disability for these two programs.

The Social Security Act (the "Act") defines disability, in part, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *See also* 42 U.S.C. § 1382c(a)(3)(A) (similar). An individual is considered disabled under the Act

> only if his physical and mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B). *See generally Bowen v. Yuckert*, 482 U.S. 137, 146-49 (1987).

In determining disability, the Commissioner follows the five-step protocol described by the First Circuit as follows:

> First, is the claimant currently employed? If he is, the claimant is automatically considered not disabled.
>
> Second, does the claimant have a severe impairment? A "severe impairment" means an impairment "which significantly limits the claimant's physical or mental capacity to perform basic work-related functions." If he does not have an impairment of at least this degree of severity, he is automatically not disabled.

5

> Third, does the claimant have an impairment equivalent to a specific list of impairments in the regulations' Appendix 1? If the claimant has an impairment of so serious a degree of severity, the claimant is automatically found disabled.
>
> . . . .
>
> Fourth . . . does the claimant's impairment prevent him from performing work of the sort he has done in the past? If not, he is not disabled. If so, the agency asks the fifth question.
>
> Fifth, does the claimant's impairment prevent him from performing other work of the sort found in the economy? If so he is disabled; if not he is not disabled.

*Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6-7 (1st Cir. 1982).

In the instant case, the ALJ found as follows with respect to these questions: despite Plaintiff's alleged onset date of December 5, 2006, he had engaged in substantial gainful activity from January 2007 through December 2008, but there was a continuous twelve-month period during which he did not engage in substantial gainful activity (question 1); he has an impairment which is "severe," namely, back pain, but that impairment does not meet or medically equal one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1 (questions 2 and 3); and he has the residual functional capacity to perform simple unskilled light work, except he is illiterate in English and needs to change position from sitting to standing at will; moreover, Plaintiff cannot perform a job that requires the use of leg or foot controls, climbing ladders, rope, and scaffolds, exposure to heights, extreme cold, and vibrations, although he can occasionally climb ramps and stairs, stoop, kneel, crouch, or crawl (questions 4 and 5). Accordingly, the ALJ determined that Plaintiff was not disabled. (A.R. at 10-14.)

IV. Discussion

Plaintiff argues that the ALJ erred by considering evidence outside the record to conclude both that Plaintiff was engaged in substantial gainful activity from January of 2007 through December of 2008 and that he was not credible. In response, the Commissioner asserts that any error was harmless because the record as a whole supports the ALJ's findings. The court finds Plaintiff's argument far more persuasive and will therefore grant the motion to remand.

As indicated, the ALJ found, despite Plaintiff's testimony that he was unable to work since December of 2006, that Plaintiff engaged in substantial gainful activity from January of 2007 through December of 2008. According to the ALJ, the sole basis for this determination was Plaintiff's earnings records, which apparently indicate that he "earned $13,184.00 in 2007, and he earned $32,002.59 in 2008." (A.R. at 10.) The ALJ also relied on the earnings statements when addressing Plaintiff's credibility, since the statements ostensibly contradicted Plaintiff's testimony and certain medical reports regarding his limitations. (A.R. at 12.)

As an initial matter, the validity of these earnings statements are seriously undermined by evidence in the record. In addition to Plaintiff's testimony that he did not work since 2006 and had never worked in Alaska (A.R. at 31), his medical records indicate that, during the period of time he was allegedly working in Alaska, he was being treated in Puerto Rico (February, March, and September of 2007) as well as in Massachusetts (October of 2007 and January of 2008). (A.R. at 253, 262, 338-70, 371). Although the resolution of such conflicts of evidence are generally left to the

7

administrative law judge, the ALJ here was still under an obligation to consider the contradictory evidence and explain why he credited the earnings statements. *See Allard v.* Astrue, 2011 WL 3759746, at *2 (D. Mass. Aug. 24, 2011) (citing *Rodriguez Pagan v. Sec'y of Health and Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987)); *see also Betts v. Barnhart*, 2004 WL 1078141, at *5 (D. Kan. May 7, 2004). The ALJ failed to undertake that task.

More importantly, it is undisputed that the earnings statements were not in the record. Accordingly, the ALJ's consideration of these statements constitutes a serious failure on his part. It is well-settled that an administrative law judge is not permitted to rely on evidence outside the record. *See Albalos v. Sullivan*, 907 F.2d 871, 874 (9th Cir. 1990) ("Neither of the[ ] items [relied on by the ALJ] is in evidence, and it is erroneous to rely on items not in the record."); *Pinegar v. Astrue*, 2011 WL 2621670, at *10 (E.D. Mo. July 5, 2011) ("It is erroneous for the ALJ to rely on items outside the record"); *Perine v. Astrue*, 2009 WL 2045038, at *29 (N.D. W. Va. July 9, 2009) ("Information that is not part of the formal record . . . is not evidence."); *Tornatore v. Barnhart*, 2006 WL 3714649, at *5 (S.D.N.Y. Dec. 12, 2006) (remanding matter because the court "cannot evaluate whether the ALJ's conclusion is supported by the substantial evidence if the evidence to which the ALJ refers is not in the record."); *Betts*, 2004 WL 1078141, at *5 (remanding because the administrative law judge "inexplicably" ignored evidence in the record and "erred in apparently relying on evidence not in the record."). The Commissioner's attempt here to minimize this error as harmless is ill-considered and unpersuasive.

In finding Plaintiff not credible, the ALJ explicitly noted Plaintiff's "apparent ability to engage in a relatively rigorous level of work activity, during at least part of the period at issue." (A.R. at 12.) The ALJ also afforded diminished weight to a medical report by Plaintiff's primary care physician, Dr. Martin Hernandez-Bem, because of Plaintiff's "testimony regarding his exertional activities." (Id.) To be sure, the Commissioner points to other evidence in the record that supports the ALJ's decision, and it may well be that, upon reconsideration of appropriate evidence, the ALJ may well determine that Plaintiff is not disabled. But the analysis as it presently stands was adulterated by the ALJ's improper consideration of evidence not of record; he not only relied on the earnings statements in determining that Plaintiff had engaged in substantial gainful activity for two years following the alleged onset of his disability, but appears to have relied on those statements in his adverse credibility determination. That being so, a remand for a new hearing is the only appropriate remedy. *See Perine*, 2009 WL 2045038, at *29 (remanding despite the fact that administrative law judge provided additional reasons for discrediting a medical report, because his decision for discrediting the report rested in part on information not contained in the record).

## V. CONCLUSION

For the reasons stated, Plaintiff's motion is ALLOWED to the extent it seeks a new hearing, and the Commissioner's motion to affirm is DENIED.

SO ORDERED.

DATED: November 23, 2011

                                            /s/   Kenneth P. Neiman
                                            KENNETH P. NEIMAN

U.S. Magistrate Judge